■ JEAN H. DANIELS as Committee of the Person and Property of GEORGE A. DANIELS, an Incompetent Person, Respondent, v. CITY OF ALBANY et al., Appellants. (Action No. 1.) JEAN H. DANIELS as Committee of the Person and Property of GEORGE A. DANIELS, an Incompetent Person, Respondent, v. ERNEST HUTSON, Appellant. (Action No. 2.) — HERLIHY, J. This is an appeal (Action No. 1) from an order of Special Term which granted leave to serve an amended complaint and to increase the *ad damnum* clause therein. The first cause of action of plaintiff's amended complaint, captioned " Cause of Action in Nuisance " is actually a claim in nuisance growing out of negligence, as evidenced by Paragraph " 8 " therein and, at most, would only broaden the proof as to what might constitute a continuing act of negligence. Thus, the gravamen of the complaint, in its entirety, is the alleged negligent acts of the defendants which would be the sole basis for any recovery after trial. (*Morello* v. *Brookfield Constr. Co.,* 4 N Y 2d 83, 90, 91.) It hardly seems necessary to observe that we do not consider the merits of the action. Order of Special Term affirmed, with $10 costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.

■ In the Matter of RADLEY A. METZGER, Doing Business as AUDUBON FILMS, Petitioner, v. EDGAR W. COUPER et al., Constituting the BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondents.— *Per Curiam.* This is an appeal, pursuant to article 78 of the Civil Practice Law and Rules, seeking a review of the determination of the Board of Regents. The parts of the motion picture, directed by the Board of Regents to be eliminated as " obscene ", in our opinion do not constitute an appeal to prurient interest in violation of the statute. (*Matter of Excelsior Pictures Corp.* v. *Regents,* 3 N Y 2d 237, 242; *Kingsley Pictures Corp.* v. *Regents,* 360 U. S. 684.) Determination annulled, and matter remitted with the direction to license the film, with $50 costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■ In the Matter of the Claim of CATHERINE PABST, Respondent, v. J. P. CARLSON, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur; Reynolds, J., dissents and votes to reverse on the ground that there is no substantial support in the evidence for the board's findings of accidental injury and causal relationship.