■ MARGARET MEISENZAHL, as Executor of FRANK W. WERMUTH, Deceased, et al., Petitioners, v. JOHN WILSON et al., Constituting the Zoning Board of Appeals of the Town of Henrietta, Respondents.— Determination unanimously confirmed, without costs. Memorandum: Even though the proceeding was improperly transferred, this court should determine it on the merits (CPLR 7804, subd. [g]; Matter of Willow Gardens Apts. v. Riker, 36 A D 2d 892). On the question of the standard of review where a town board or zoning board refuses a special exception see Matter of Lemir Realty Corp. v. Larkin (11 N Y 2d 20). (Review of determination denying special permit transferred by order of Monroe Special Term.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.

■ PATRICIA LEE, Respondent, v. MATTHEW M. LESNIAK et al., Appellants, et al., Defendant. (Appeal No. 1.) — Judgment unanimously affirmed, with costs to plaintiff. Memorandum: The plaintiffs are entitled to the most favorable view of the evidence, including reasonable inferences which may be drawn therefrom (Owen v. Rochester-Penfield Bus Co., 304 N. Y. 457); only the jury is endowed with the right to pass on conflicting evidence, as well as credibility of witnesses (Swensson v. New York, Albany Desp. Co., 309 N. Y. 497, 505); and we may disturb the jury's finding only if it may be said that "the preponderance of the evidence was so great that the jury could not have reached the verdict it did on 'any fair interpretation of the evidence' (Rapant v. Ogsbury, 279 App. Div. 298, 300; Marton v. McCasland, 16 A D 2d 781.)" (Blunt v. Zinni, 32 A D 2d 882, 883). Applying these principles to the conflicting evidence in this case we conclude that the verdicts against Higgins should be sustained. There is substantial contradiction concerning the circumstances of the accident and the location of the vehicles at impact. There is proof that Miss Lee was in the left-hand northbound lane next to the center of Harlem Road; that the accident occurred in the center of the intersection under the signal light as Lesniak was attempting to turn to the right at the time of impact; that southbound vehicles were required to travel in part or all of the northbound lane before reaching the intersection; and that there was no sign to warn drivers traveling north and approaching the intersection to keep to the far right side of the highway. Miss Lee testified that she did not see any such sign before the accident. Two witnesses testified that there were none. The jury therefore might have concluded that there was a duty on the part of defendant Higgins to warn northbound drivers of a danger which existed on the highway by virtue of the construction, by providing appropriate signs to warn drivers approaching the intersection from the south to keep to the far right in order that an accident might not happen as Lesniak said this one did. (Appeal from judgment of Erie Trial Term, in automobile negligence action.) Present — Goldman, P. J., Del Vecchio, Marsh, Cardamone and Henry, JJ.