■ In the Matter of MARY SUBER, Petitioner, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al, Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Social Services of the State of New York, dated April 6, 1972, made after a statutory fair hearing, which affirmed a determination of the Commissioner of the Department of Social Services of the City of New York denying petitioner's application for public assistance aid to a dependent child enrolled in college away from home. The said hearing was held pursuant to an order of the Supreme Court, Kings County, entered January 13, 1972. Determinations annulled, on the law, without costs, and matter remanded to the respondent State Commissioner for further proceedings in accordance herewith. Even though the proceeding was improperly transferred to this court, we may determine it on the merits (CPLR 7804, subd [g]; *Meisenzahl v Wilson,* 40 AD2d 756). On the record before us, petitioner's son was entitled to aid as a dependent child for that portion of his expenses which was not covered by

grants or loans (18 NYCRR 352.30 [a], 369.2 [b]). Moreover, the removal of petitioner's son from the family budgetary unit without a prior hearing violated due process *(Goldberg v Kelly,* 397 US 254). Petitioner is entitled to a full retroactive grant from December 1, 1969 until July 19, 1971, the date upon which a decision was rendered after a fair hearing *(Almenares v Wyman,* 334 F Supp 512, mod 453 F2d 1075, cert den 405 US 944). In addition, petitioner is entitled to $350 for the academic year 1971–1972. However, there must be deducted therefrom any special grants to petitioner's son which were paid before he reached the age of 21 years. Rabin, Acting P. J., Hopkins, Latham, Christ and Shapiro, JJ., concur.