ROGER L. RAINBOW, Respondent, v ALBERT ELIA BUILDING CO., INC., Appellant.

Fourth Department, October 31, 1975

*Hodgson, Russ, Andrews, Woods & Goodyear (Stephen H. Kelly* and *Ralph W. Larson* of counsel), for appellant.

*Paul William Beltz, P. C. (Russell T. Quinlan* of counsel), for respondent.

SIMONS, J. Plaintiff seeks damages for personal injuries he sustained one night when he drove his motorcycle into a section of the Townline Road in Lewiston, New York, which was under construction. He originally sought recovery on the theory of negligence, charging that defendant contractor negligently performed the construction work and negligently failed to warn travelers of the construction or light the area for their safety. Subsequently, plaintiff was granted permission to amend his complaint to allege that the contractor was strictly liable in tort for plaintiff's injuries because, as alleged in the fourth cause of action of his amended complaint, "there was a

lack of warning signs and other warning devices". Defendant contractor then moved unsuccessfully for summary judgment dismissing the cause of action against it based on strict liability in tort and it now appeals the adverse rulings which permitted the amendment of the complaint and denied summary judgment on the strict liability claim.

Defendant cites a number of policy reasons why a strict tort liability cause of action should not lie on these facts, but we dismiss the fourth cause of action because it does not allege a separate ground for recovery. Liability based upon failure to warn of an unreasonably dangerous condition due to highway construction is liability based upon negligence.

The cases hold that a manufacturer or seller of a defective product may be liable for injuries occasioned not only because of the negligent construction of his product but also on the theory of strict liability in tort *(Velez v Craine & Clark Lbr. Co.,* 33 NY2d 117; *Codling v Paglia,* 32 NY2d 330; *Jerry v Borden Co.,* 45 AD2d 344). Furthermore, under appropriate circumstances a failure to warn may be a defect such as will support a claim founded on the theory of strict liability (see Restatement, Torts 2d, § 402 A, Comments *j, k;* Products Liability—Failure to Warn, Ann., 53 ALR3d 239; Products Liability—Strict Liability, Ann., 13 ALR3d 1057, 1078 *et seq.).*

There is no claim in plaintiff's strict liability cause of action that the design or manufacture of the "product" here, i.e., the road construction, was defective in the sense that the construction itself deviated from the safety norms expected for highway construction. The basis for plaintiff's strict liability claim is solely the alleged failure of defendant to warn the public of the construction and the restricted use of the highway.

In the ordinary strict liability case, plaintiff must prove that he was injured by a defective product and that the product was defective when it left the hands of the retailer or manufacturer (see *Velez v Craine & Clark Lbr. Co., supra; Codling v Paglia, supra;* Restatement, Torts 2d, § 402 A). By way of contrast, in the ordinary negligence case involving product liability, plaintiff must prove an additional element, that the defect was due to defendant's negligence.*

---

* Plaintiff's fault or negligence is not important to this discussion. However, as to his standard of conduct in strict liability cases, see *Velez v Craine & Clark Lbr. Co., supra,* p 122.

Relating this to plaintiff's complaint, in the strict liability cause of action he must prove that defendant unreasonably failed in a duty to adequately warn users of the highway of dangers from the construction. Precisely the same matters must be established in his negligence cause of action (see *Forte v City of Albany,* 279 NY 416, 422; *Lee v Lesniak,* 40 AD2d 756). Under either theory, the recovery ultimately depends upon a subjective determination by the trier of the facts of what constitutes reasonable warning under all the circumstances. Plaintiff's recovery, if he should succeed, cannot rest upon the theory of strict liability alone because if he establishes a right to recover under the strict liability theory he necessarily establishes that defendant was negligent. The proof to support a verdict under one theory does not differ from the proof required for recovery under the other (see *Anderson v Klix Chem. Co.,* 256 Ore 199; *Skaggs v Clairol, Inc.,* 6 Cal App 3d 1). Since both causes of action involve identical inquiries, leading to but a single recovery, there is no prejudice to plaintiff if only the negligence cause of action remains in the case (see *Mather v Caterpillar Tractor Corp.,* 23 Ariz App 409 [involving a design defect and a failure to warn]; but cf. *Jiminez v Sears, Roebuck & Co.,* 4 Cal 3d 379 [a failure to warn and *res ipsa loquitur]).* Submission of the same questions on the two different theories may confuse the jury and risk error or prejudice in the trial (see *Morello v Brookfield Constr. Co.,* 4 NY2d 83, 90–91; *Daniels v City of Albany,* 21 AD2d 920; and see *Skaggs v Clairol, Inc., supra;* Ann., 53 ALR3d 239, 248, *supra).*

Plaintiff's motion to amend insofar as it alleged a cause of action for strict liability in tort against appellant should have been denied. The order insofar as appealed from should be reversed and the motion to add the fourth cause of action in plaintiff's amended complaint should be denied. The appeal from the order denying summary judgment should be dismissed as moot.

MARSH, P. J., CARDAMONE, GOLDMAN and WITMER, JJ., concur.

Order entered January 14, 1975, insofar as appealed from unanimously reversed without costs and motion to add a fourth cause of action in an amended complaint denied.

Appeal from order entered April 30, 1975, unanimously dismissed as moot.