■ CAROLYN PROCTOR, as Guardian ad Litem of AARON PROCTOR, JR., et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 60412.)— Appeal from a judgment of the Court of Claims, entered December 14, 1977, which dismissed claimant's claim. On May 3, 1975 claimant was operating a motor vehicle in a westerly direction on Route 17 in the Town of Windsor, Broome County. Route 17 is a four-lane highway running east and west between New York City and Buffalo and for most of its length there is controlled access. However, a section of the roadway about five miles in length in the Town of Windsor is uncontrolled and within that space there are numerous points of access as well as about 25 crossovers permitting drivers to cross from one side of the highway to the other. At both the east and west ends of the five-mile uncontrolled section is a sign, 5½ feet high and 16 feet long, bearing the legend "Intersections Next 5 Miles". Further, within this section two intersections are marked by flashing yellow and red lights. On May 3, 1975 at approximately 9:00 A.M. claimant passed through the intersection of Frost Road and Route 17, within the afore-described five-mile uncontrolled section, turned on his left turn signal light, moved into the passing lane and slowed his vehicle preparatory to making a left turn through a paved crossover into a gasoline station when he was struck in the rear by an automobile operated by one Thomas Gwinn, thereby sustaining injuries which prevented him from recalling the accident and from testifying at the trial. A bifurcated trial was held and at the conclusion of this case the court dismissed the claim. This appeal ensued. The evidence at trial clearly demonstrates that as early as 1969 the State was aware that this uncontrolled section of Route 17 was hazardous to the driving public. As a result of that concern, the State created an advisory 55 miles per hour speed zone for the full length of the uncontrolled section, installed overhead caution lights at the two intersections contained therein and erected the special purpose signs described above. Claimant's expert testified that these corrective measures were inadequate. He expressed the view that the State was negligent in not erecting several more warning signs, in not adding the word "crossovers" to the sign's legend and in not lowering the speed limit to 40 miles per hour. The State's expert testified that the design, construction and signing of this portion of Route 17 is in accordance with New York State standards, the requirements of the American Association of State Transportation Officials and good engineering practice. It is settled law that "something more than a mere choice between conflicting opinions of experts is required before the State * * * may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (Weiss v Fote, 7 NY2d 579, 588). The courts cannot impose a duty upon the State which transcends that imposed by reasonable care and foresight. To do so would make the State an insurer of its highways (cf. Tomassi v Town of Union, 46 NY2d 91). Moreover, here, as in Tomassi (supra), any additional steps the State could have taken to make this uncontrolled section of Route

17 safer for motorists would not have prevented the happening of the subject accident. The proof at trial clearly established that at the time of the accident the weather was clear and dry, there was very little traffic on the highway, the line of sight eastward from the accident site was over 1,000 feet, the operator of the striking vehicle saw claimant's car to his front at a distance of about 300 feet before he turned his head to talk to his front seat passenger and when he returned his attention to the road he was unable to avoid striking claimant's automobile in the rear. Unquestionably, the trial court was correct in concluding that the negligence of Thomas Gwinn was the sole proximate cause of the accident. Lastly, since claimant's testimony, had he· been able to appear at the trial, would have been irrelevant as to the issue of the State's negligence, we cannot say the court erred in not affording claimant a lesser burden of proof than might otherwise have been required. Further, no request for such relief was made. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney and Staley, Jr., JJ., concur; Mikoll, J., not taking part.