■ EDWARD A. MASTRO, Appellant, v COUNTY OF SCHENECTADY, Respondent, et al., Defendant.—Appeal from an order of the Supreme Court at Special Term, entered May 10, 1979 in Schenectady County, which dismissed the fifth and sixth causes of action set forth in the complaint against defendant County of Schenectady. Plaintiff, while operating his motor vehicle on Nott Street in the City of Schenectady on July 5, 1977, was involved in a motor vehicle accident with a vehicle which was exiting from a parking lot owned and maintained by the County of Schenectady. This action was commenced to recover damages for personal injury and property damage sustained by plaintiff as the result of said accident. The fifth and sixth causes of action against the County of Schenectady attempt to allege causes of action in strict products liability. These causes of action are founded upon allegations that the County of Schenectady erected, used, employed and provided a parking area on the north side of Nott Street and negligently, by want of care and omission of duty, failed to regulate, design, erect, maintain, construct or otherwise provide for a method or means of control of traffic in the area of the parking lot and failed to provide a safe and proper method of control of ingress and egress to and from Nott Street and created a dangerous and hazardous condition to the plaintiff as a user of the premises. Defendant County of Schenectady moved to dismiss these causes of action on the ground that the factual allegations of the complaint establish that plaintiff's causes of action are based on alleged dangerous conditions resulting from negligent acts of commission or omission on the part of defendant County of Schenectady, which form no basis for a cause of action based upon a theory of strict products liability. Special Term agreed and dismissed the fifth and sixth causes of action against the County of Schenectady. The doctrine of strict products liability is founded upon a breach of warranty or implied warranty of fitness of a product manufactured and sold and is based upon an extension of such warranties by the elimination of the requirements of a privity of contract *(Codling v Paglia,* 32 NY2d 330). Special Term, therefore, properly dismissed the fifth and sixth causes of action against defendant County of Schenectady. Order affirmed, with costs. Greenblott, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.