OPINION OF THE COURT
Jeremiah J. Moriarty, J.
On December 24, 1979, Harold Hall was riding as a passenger in a motor vehicle which came into collision with a stopped, disabled vehicle on the Father Baker Bridge in the City of Buffalo, New York. He died as a result of the injuries he sustained in that collision, and this claim arises from that incident. The claimant Anna Hall, in her capacity as administratrix of the estate of Harold Hall, deceased, seeks to recover damages from the State for the wrongful death of her husband, and for conscious pain and suffering prior to his death.
The State has moved for an order to dismiss the claim pursuant to CPLR 3211 (subd [a], par 7), upon the ground that it fails to state a cause of action.
The claim is based, in the alternative, on theories of negligence and strict products liability. The claimant specifically alleges negligence against the State for improper *861 and inadequate maintenance, repair, and failure to have certain emergency facilities. Also alleged is the negligent absence of warning signs and the negligent failure to close the bridge. The strict products liability cause of action alleges, in essence, that the roadway is not fit for its intended purpose because of a faulty design. The claimant alleges that the bridge is defectively designed because it does not have adequate safety features, e.g., a shoulder for disabled vehicles and/or emergency telephones to report such hazards. This inadequacy, it is alleged, makes the bridge unreasonably dangerous.
The State has moved to dismiss both causes of action. The bases asserted for the dismissal of the negligence claim are that: (1) the State had no notice of a hazardous or defective condition; and (2) that the sole and proximate cause of the accident was the negligence of the driver of the vehicle in which the decedent was riding for failing to observe and avoid the disabled auto. The motion for dismissal of the strict products liability cause of action is premised on the assertion that the State is not subject to suit on such grounds.
The State’s motion for dismissal of the negligence cause of action is denied. There remain triable issues of fact on the questions of notice and proximate cause. The motion for dismissal of the strict products liability cause of action will be granted.
There are several reasons why strict products liability will not lie against the State under the facts of this case; chief among them is the doctrine in Weiss v Fote (7 NY2d 579). In Weiss, the Court of Appeals held that a governmental entity may not be held liable in tort for lawfully authorized planning decisions on the ordinary negligence standard of reasonable care. “[Liability for injury arising out of the operation of a duly executed highway safety plan may only be predicated on proof that the plan either was evolved without adequate study or lacked reasonable basis.” (Weiss v Fote, supra, p 589.) A jury’s verdict as to the reasonableness of a safety plan of governmental services will not be preferred over that of a governmental body which deliberated over the matter. The Court of Appeals *862 traced this rule to an 1883 decision, Urquhart v City of Ogdensburg (91 NY 67), which relied on the rationale of City of Lansing v Toolan (37 Mich 152, 154). “ ‘Courts and juries are not to say [municipal corporations] shall be punished in damages for not giving to the public more complete protection; for * * * that would be to take the administration of municipal affairs out of the hands to which it has been entrusted by law.’ ” (Weiss v Fote, supra, p 584.)
The allegations of this claim fall squarely within the doctrine of Weiss. Promoting the safety of highway travel is a principal objective of the New York State Department of Transportation in the consideration and approval of a highway or bridge design. This is set forth in subdivision 1 of section 14 of the Transportation Law, which states that the Department of Transportation, through the commissioner, has as one of its functions and duties the obligation of planning to adequately meet the needs of safe and efficient transportation facilities and services, at a .reasonable cost to the people. The Department of Transportation is further authorized in section 14 (subd 15, par [c]) of the Transportation Law to prepare specifications and designs for bridges which are under the jurisdiction of the department.
The approval of the design of the Father Baker Bridge by the Department of Transportation was a lawfully authorized decision of a governmental planning body. To hold the State liable for injuries resulting from this design, the claimant must show that the design was evolved and approved without adequate study, or that the design lacked a reasonable basis. This rule enunciated in Weiss requires proof beyond that necessary to establish ordinary negligence. The rationale underlying this stringent test is that the reasonableness and safety of a plan for governmental services, as evolved by a governmental body of experts which duly considered the matter, will not be subordinated to the judgment of a court or a jury when the proof establishes only that alternative methods exist. The proof must establish that the plan could not have been adopted if due consideration had been given it. Otherwise, an obstruction of normal governmental operations would occur, and the *863 result would be “to place in inexpert hands what the Legislature has seen fit to entrust to experts.” (Weiss v Fote, 7 NY2d 579, 586, supra.)
The issue we address on this motion essentially requires us to determine the degree of proof needed to establish liability against the State. We have found that a spectrum emerges from the case law which can be analogized to the varying burdens of proof imposed in trial jurisprudence. To establish strict liability, one must prove only that the defendant marketed a product that was . unreasonably dangerous. (Restatement, Torts 2d, § 402A.) To establish negligence, one must prove that a reasonable man would have acted otherwise. Finally, to place liability on the State for a decision by a planning body, the Court of Appeals in Weiss required proof, not only that a reasonable man would have acted otherwise, but that the State used no reason at all. This test is viewed as more stringent than that required to establish “ordinary negligence” and we decline to abrogate that standard by allowing a cause of action in strict liability.
A survey of the case law on strict products liability shows that a provider of professional services is not subject to suit on grounds of strict products liability, but is held only to a negligence standard. (Sears, Roebuck & Co. v Eneo Assoc., 43 NY2d 389; see, generally, Ann., 29 ALR3d 1425.) A parallel comparison emerges between an architect or engineer, for example, and the Department of Transportation in the instant case. This comparison reinforces the decision that strict products liability is not applicable in the present situation. The Department of Transportation is a body of professionals entrusted with planning for the transportation needs of the State. As such, the department, through its employees, renders to the citizens of the State a professional service in the form of an expert opinion as to the desirability of a particular design. A highway or bridge design is not a “product”, but more appropriately viewed as a provision of a professional service. (See Fisher v Morrison Homes, 167 Cal Rptr 133.)
An engineer in the private sector would be held to a malpractice standard of reasonable care and competence *864 owed generally by practitioners in the particular profession (Milau Assoc. v North Ave. Dev. Corp., 42 NY2d 482). This is because there is no implied warranty of perfect results offered by those providing services. (Queensbury Union Free School Dist. v Walter Corp., 91 Misc 2d 804. )[1] Where courts in other jurisdictions have purported to apply an implied warranty of fitness to cases involving the rendition of services, what has in actuality been imposed is merely a warranty that the actor will not perform negligently. (Milau Assoc. v North Ave. Dev. Corp., supra.)
The reason for the services versus chattels distinction as to the applicability of strict liability is highlighted in La Rossa v Scientific Design Co. (402 F2d 937, 942) : “Professional services do not ordinarily lend themselves to the doctrine of tort liability without fault because they lack the elements which gave rise to the doctrine. There is no mass production of goods or a large body of distant consumers whom it would be unfair to require to trace the article they used along the channels of trade to the original manufacturer and there to pinpoint an act of negligence remote from their knowledge and even from their ability to inquire.”
The court believes that these general principles of law *865 have broad application, and are relevant to the present case. We find that no implied warranty of perfection results from the rendition of services by the State. Therefore, no claim based on strict liability can lie.[2] We leave open the possibility that liability for an inadequate design may be established on a negligence theory. To establish negligence on the part of the State, it will be necessary to meet the more stringent test of Weiss v Fote (7 NY2d 579, supra) set forth above.
The motion is granted in part and denied in part.

. The rule expressed in the New York case law is that there is no difference between a cause of action based on strict products liability and one based on an implied warranty. The Court of Appeals states in Victorson v Bock Laundry Mach. Co. (37 NY2d 395, 401) that in articulating a strict products liability cause of action in the leading ease of Codling v Paglia (32 NY2d 330), it was not creating a new cause of action. It merely recognized an existing theory of liability called breach of implied warranty that had been evolving over the years and which extended a remedy to plaintiffs who were neither buyers nor users of the product. “[S]trict liability in tort and implied warranty in the absence of privity are merely different ways of describing the very same cause of action.” (Mendel v Pittsburgh Plate Glass Co., 25 NY2d 340, 345; emphasis added.) This recognizes the concept that liability does not arise from the will or intention of the parties but is based on considerations of social policy. (Victorson v Bock Laundry Mach. Co., supra, p 401.) Thus, strict products liability sounds in tort rather than in contract. “ ‘[T]his warranty — if that is the name for it — is not the old sales warranty, it is not the warranty covered by the * * * Uniform Commercial Code. It is not a warranty of the seller to the buyer at all, but it is something separate and distinct which sounds in tort exclusively, and not at all in contract; which exists apart from any contract between the parties; and which makes for strict liability in tort.’ ” (Victorson v Bock Laundry Mach. Co., supra, p 402, quoting Prosser, Spectacular Change: Products Liability in General, 36 Cleveland Bar Assn J 167-168.)

. The claimant cites Rainbow v Elia Bldg. Co. (49 AD2d 250), as authority for the proposition that a strict liability cause of action could lie for defective highway design or construction. We find this Fourth Department decision inapposite to the facts of the instant claim. Though Rainbow may be construed to allow a strict liability claim for defective roadway construction on appropriate facts, the planning functions of the State, in approving the design of a bridge, are more appropriately reviewed under the Weiss v Fote (7 NY2d 579, supra) standard. By the authority of Rainbow, a claim based on the failure to maintain emergency facilities or warn of their absence sounds in negligence, not strict liability.
Mastro v County of Schenectady (74 AD2d 976), cited by the defendant, does lend some support to the State’s position that strict products liability does not apply to highway planning or services. The Third Department appears to have based its decision on the factual background and specific allegations of the claim before it, and the decision cannot be construed as broadly as the State urges.