OPINION OF THE COURT
Joseph J. Sedita, J.
This is a motion by the defendant, County of Erie seeking dismissal of the second and third causes of action asserted by the plaintiffs against the county, for summary judgment or severance as to the county.
The plaintiff infant herein was injured when the automobile in which he was a passenger went out of control on Rice Road in the Town of Elma and struck a guardrail along the road. The county allegedly designed and constructed the road and guardrail. Plaintiffs allege in their second cause of action liability based on “express and implied warranties with respect to the condition of the road and the merchantability of the guardrail parts and appurtenances”. In the third cause of action they allege that “the condition of the guardrails, parts and appurte *982 nonces were not fit for the purpose for which they were intended”.
The court is asked, in effect, to extend the concepts of products liability to a public works project. This court is disinclined to do so.
It is well-settled law in our State that a public body may not be held liable for errors or defects in plans it has adopted for the improvement or repair of highways. (See 26 NY Jur, Highways, Streets and Bridges, § 339; Weiss v Fote, 7 NY2d 579; Lyle v State of New York, 44 AD2d 239; Russell v State of New York, 75 AD2d 907; Proctor v State of New York, 67 AD2d 1051.)
A municipality may not be considered an insurer of the safety of its highways, and the responsibility for the design, construction and maintenance of public highways resides in the sound discretion of municipal authorities. (Tomassi v Town of Union, 46 NY2d 91.) We are in accord with Judge Cooke when he noted in the Tomassi case (supra, p 97-98): “To be sure, any public roadway, no matter how careful its design and construction, can be made safer *** We decline, however, to impose a duty upon the town which transcends that imposed by reasonable care and foresight”.
There is no question but that concepts of warranty and strict liability impose a higher standard of care upon a public body. The imposition of this higher standard is effectuated by the degree of proof required for a finding of liability. (See analysis of this point by Court of Claims Justice Moriarty in Hall v State of New York, Jan., 1981.) The higher standard of care reflected in concepts of warranty and strict liability are in excess of the standard established by clear and settled case law. (See Lyle v State of New York, supra; Tomassi v Town of Union, supra.) The case of Rainbow v Elia Bldg. Co. (49 AD2d 250) relied upon by the plaintiffs is not applicable in that it does not involve a municipal defendant. In any event, the language referred to is mere “obiter dicta” and of questionable value in support of their position.
This court can find no basis for extending warranty and strict liability concepts to defects in highway projects *983 planned and approved by a public body. There has been no allegation that the, questioned highway project was not accomplished pursuant to appropriate review and approval mechanisms by the County of Erie. The county in this motion has not challenged the plaintiff’s cause of action based on a claim of negligence.
Accordingly, the second and third causes of actions asserted by the plaintiffs shall be dismissed as against the County of Erie and the county shall be given summary judgment on these two causes of action.