■ WILSON SABINO, Respondent, v CITY OF NEW YORK, Appellant. — Judgment, Supreme Court, Bronx County, entered February 14, 1980, upon a jury verdict in plaintiff's favor in the sum of $225,000, together with interest of $165.60 and costs of $703, totaling $225,868.60, unanimously reversed, on the law, without costs and disbursements, and the complaint dismissed. Study of the record discloses that the accident occurred when the offending vehicle, a 1961 Pontiac, entered the southbound Sheridan Expressway from the Cross-Bronx Expressway, veered to the left at a high rate of speed, thereby sharply deviating from the normal traffic flow, traversed not only the wide entrance lane, but also the 17-foot-wide southbound roadway and struck a wooden beam (1 foot high, 1 foot wide and 11 feet 7 inches long) lying on the pavement parallel to and some four feet in front of the guardrail separating the north and southbound lanes. The Pontiac went over the 27-inch-high guardrail mounted on a six-inch-high median and struck plaintiff's car which was proceeding north in the northbound lane. Considering the basic evidence presented as to the accident, the testimony of the defendant's expert appears far more compelling than that of plaintiff's expert and leads to the conclusion that the beam was not a significant contributory factor to the accident. Liability may not be affixed to the defendant city in the absence of proximate cause. We also note the acute weakness of plaintiff's case respecting the theory of constructive notice to the city as to the defect. In any event, apart from the aforesaid which concerns the weight of the evidence and is directed at the issue of whether a new trial is

warranted, we have concluded that the complaint must be dismissed. It was aptly observed by the Court of Appeals in *Tomassi v Town of Union* (46 NY2d 91, 97-98): "A municipality, of course, is not an insurer of the safety of its roadways. The design, construction and maintenance of public highways is entrusted to the sound discretion of municipal authorities and so long as a highway may be said to be reasonably safe for people who obey the rules of the road, the duty imposed upon the municipality is satisfied * * * The liability of a municipality begins and ends with the fulfillment of its duty to construct and maintain its highways in a reasonably safe condition, taking into account such factors as the traffic conditions apprehended, the terrain encountered, fiscal practicality and a host of other criteria * * * Quite simply, even if it can be said that the Town of Union was negligent in the design, construction or maintenance of Buffalo Street, the record is devoid of any evidence establishing that such negligence was the proximate or concurring cause of the accident." Similarly, in the instant matter in terms of foreseeability, the beam is analogous to the alleged danger posed by the irrigation ditch in *Tomassi*. The beam was not a permanent object, but a barrier some distance off the course of the traveled right of way temporarily placed in that vicinity. Under the circumstances herein, the record is devoid of any evidence establishing that the beam was the proximate or concurring cause of the accident. Succinctly stated, assuming the city was negligent with respect to the placement of the beam, such negligence is not actionable. Concur — Ross, J. P., Carro, Lupiano, Silverman and Bloom, JJ.