■ In the Matter of DENA FRIEDMAN, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. — In a claim to recover damages for personal injuries, the State of New York appeals from an interlocutory judgment of the Court of Claims (Modugno, J.), dated March 10, 1983, which determined that the State is 50% liable for claimant's injuries and ordered the claim returned to the Trial Calendar for the assessment of damages, and claimant cross-appeals from so much of the interlocutory judgment as found her 50% liable for her injuries.

Interlocutory judgment affirmed, without costs or disbursements.

The claim is for recovery of damages from the State for serious injuries sustained by the claimant as the result of an accident on the Roslyn Viaduct, which is a part of the State highway system. At about 5:00 P.M. on March 15, 1978, claimant, then an 18-year-old high school senior, was driving eastward over the viaduct on her way to a part-time job. While she was traveling in the left lane, a car overtook her from the rear, passed her on the right, and then cut back in front of her vehicle in such a way that the left rear of the passing vehicle struck the front right of claimant's car. As a result of this collision, claimant's car swerved to the left and crossed over the eight-inch high, approximately four-foot wide central median dividing eastbound from westbound traffic. Despite claimant's attempts to control the vehicle, it began to cut across the two lanes of westbound traffic and was struck on the side by another vehicle which was traveling in a westerly direction. Following the second collision, claimant's car continued on across the westbound lanes and struck a 21-inch high pedestrian curb at the northern edge of the roadway. The angled top section of the curb acted as a ramp and caused claimant's vehicle to vault both the three-foot wide pedestrian walkway and the 39-inch high guardrail on its far side without contacting the rail and to fall some 50 feet into the ravine below. The instant claim is premised on the State's own failure to install a center median barrier and to replace the pedestrian curb with a structure which would more effectively redirect vehicles back onto the roadway.

That the absence of a median barrier created a hazardous condition on the viaduct was recognized by the regional office of the Department of Transportation as early as February of 1973, more than five years prior to claimant's accident. Indeed, the record is replete with urgent recommendations by various of defendant's employees that barriers be installed as quickly as possible. At trial, the State's own expert conceded that such a project could have gone to construction within 3 to 4 years, and that a temporary barrier could have been erected in the interim.

As it was, however, the project was repeatedly expanded to include a variety of other work on the viaduct and the adjoining roadway. Thus, the project was still in the design and planning stage at the time of claimant's accident over five years later. Following a trial on the issue of liability only, the Court of Claims found that the State was 50% liable and claimant was 50% liable for her injuries. Both sides now appeal. There should be an affirmance.

Initially, the State contends that it is insulated from liability in the instant case by the rule that a governmental body may not be held liable for injuries arising from the operation of a reasonable highway safety plan (*see, Weiss v Fote,* 7 NY2d 579; *Schwartz v New York State Thruway Auth.,* 61 NY2d 955; *Muller v State of New York,* 108 AD2d 181). Our examination of the record, however, makes it apparent that this doctrine is inapplicable to the instant claim. This is simply not a case in which the State relied on its experts in establishing a reasonable safety plan. Rather, the State's own experts repeatedly recommended that median barriers be installed immediately (*cf. Muller v State of New York, supra*). Nor has the State shown that its delay in repairing the hazardous condition was due to a discretionary decision concerning funding priorities which might, in a proper case, preclude the imposition of liability upon the State (*see, Tomassi v Town of Union,* 46 NY2d 91; *Puliatti v State of New York,* 91 AD2d 1192). Contrary to the State's present assertions and the conclusory statements of the State's engineering expert, who did not himself make such funding decisions, the record is barren of any significant evidence of such a decision; instead, it appears that any delay in funding was due to the failure of defendant's regional office to properly document its initial request for funding and that funds were approved once such documentation was submitted. As to the conclusory statements at trial by the State's expert that this project did not have a high priority, the absence of any support for those statements and the abundance of documentary evidence that the project was considered a matter of considerable urgency justified the Court of Claims factual determination to the contrary. The fact that there were more accidents on the entire length of roads such as the Long Island Expressway than there were on this single viaduct is hardly indicative of an assessment of priorities based on the relative frequency of accidents. In the light of the recognized urgency of the project and the State's concessions that a temporary barrier could have been constructed and that in any event the project could have gone to construction in a considerably shorter time, we find no justification for disturbing the essentially factual conclusion reached by the finder of facts that

the State's delay constituted negligence. Hence, we conclude that the doctrine of limited immunity does not shield the State from liability in the instant case.

The facts of the instant claim are clearly distinguishable from those presented in *Muller v State of New York* (*supra*). In *Muller,* the claim was premised in part upon a delay of some three years between the defendant's decision to install median barriers and the claimant's accident. Not only was the delay in that case significantly less, but it was occasioned by the need to design and install a traffic control system to be used to overcome difficulties that would be created when a median barrier was in place the length of the Tappen Zee Bridge. Moreover, in contrast to the instant case, the record in *Muller* contains no concession by the State that temporary barriers could have been erected or that such a project could have been completed within a substantially shorter time.

We find no merit to the State's additional contentions that the accident was not foreseeable and that in any event the State's negligence was not a proximate cause of the accident. Although the particular details of claimant's accident may not have been foreseeable, the possibility of injuries resulting from cars crossing the median certainly was foreseeable (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 314-317). Indeed, the State first became aware of the hazardous conditions on the viaduct in 1973 because of reports of such cross-over accidents. As to the claimed absence of proximate cause, we note that although the State's negligence did not contribute to the original collision, the hazardous condition caused by the State certainly was "a substantial factor in aggravating [claimant's] injuries" (*Gutelle v City of New York,* 55 NY2d 794, 796; *see also, Alexander v Eldred,* 63 NY2d 460; *Bottalico v State of New York,* 59 NY2d 302; *Lattanzi v State of New York,* 74 AD2d 378, *affd* 53 NY2d 1045; *cf. Tomassi v Town of Union,* 46 NY2d 91, *supra; Sabino v City of New York,* 80 AD2d 800, *affd* 54 NY2d 816).

Finally, with respect to claimant's cross appeal, we find no justification for setting aside the factual determination made by the Court of Claims, after assessing the testimony of claimant and the conflicting expert testimony, that claimant must have been traveling at an excessive rate of speed at the time of the initial collision in order for her vehicle to have subsequently vaulted the pedestrian curb (*see, Cohen v Hallmark Cards,* 45 NY2d 493). In light of this determination, the division of liability was proper. Lazer, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.