■ MARY E. LACEY, Individually and as Administratrix of the Estate of EDWARD J. LACEY, JR., Deceased, Respondent, v JAMES HORAN et al., Defendants, and COUNTY OF DUTCHESS, Appellant. (And a Third-Party Action.)—In an action to recover damages for conscious pain and suffering and wrongful death, the defendant County of Dutchess appeals from an order of the Supreme Court, Dutchess County (Dachenhausen, J.), dated September 4, 1984, which denied its motion for summary judgment dismissing the action insofar as it is asserted against it.

Order affirmed, with costs.

On July 15, 1982, the plaintiff's decedent was a passenger in a car driven by the defendant James Horan. The two teenagers had been drinking beer and other alcohol at two bars located in Dutchess County. At approximately 4:15 A.M., they left Henry's English Pub, proceeding north on Palen Road. The defendant Horan was driving at a speed of approximately 50 to 55 miles per hour as he approached the intersection of Palen Road and Harrigan Road. At this location, the road turned sharply to the left. The defendant Horan was then momentarily distracted by the high-beam lights of a car approaching from the opposite direction. As a result, he did not negotiate the curve, and instead proceeded directly into the end of a guide rail situated alongside the roadway. Upon impact, a piece of the guide rail was severed and crashed through the front windshield, striking the plaintiff's decedent

in the head. Neither the defendant Horan nor a third occupant were seriously injured as a result of the accident. However, the plaintiff's decedent died as a result of massive skull damage caused by being struck by the piece of guide rail.

The defendant County of Dutchess moved for summary judgment dismissing the action insofar as it is asserted against it. The county offered three grounds in support of its motion: (1) that the proximate cause of the decedent's injuries was the drunkenness and excessive rate of speed of the defendant driver Horan, (2) that the plaintiff failed to comply with Dutchess County Law No. 7 of 1976 requiring written notice of a defect as a precondition to liability, and (3) that the doctrine of *Weiss v Fote* (7 NY2d 579) barred a finding of negligence since the guide rail was installed pursuant to a duly executed highway safety plan. The county included an affidavit from its Director of Engineering of the Department of Public Works. He stated that the guide rail was installed in conformity with "accepted construction practice". In opposition, the plaintiff offered an affidavit from Frederick Zurmuhlen, a professional engineer and Chief Engineer for the New York State Department of Transportation from 1975 to 1977. Mr. Zurmuhlen was of the opinion that the guide rail in question was installed "contrary to accepted standards and practices". Special Term denied the county's motion for summary judgment.

We agree with Special Term that issues of fact exist which require a trial. As to the claimed absence of proximate cause, although the county's purported negligence did not cause the original collision, the hazardous condition, i.e., the purportedly defective guide rail, may have been a substantial factor in aggravating the decedent's injuries *(see, Gutelle v City of New York,* 55 NY2d 794, 796; *Lattanzi v State of New York,* 53 NY2d 1045, *affg* 74 AD2d 378; *Matter of Friedman v State of New York,* 111 AD2d 921, 923; *Matter of Kirisits v State of New York,* 107 AD2d 156, 158; *cf. Tomassi v Town of Union,* 46 NY2d 91). With respect to the plaintiff's failure to comply with Dutchess County Law No. 7 of 1976, we note that this law is patterned after CPLR 9804 and Village Law § 6-628. Those statutes are a legislative response to the "vexing problem of municipal street and sidewalk liability" *(Barry v Niagara Frontier Tr. Sys.,* 35 NY2d 629, 633). However, it is well settled that failure to comply with such a "notice" statute is excused where the State or municipality has created the condition complained of or has committed affirmative acts of negligence which have been alleged to be a direct cause of

damages *(see, Klimek v Town of Ghent,* 114 AD2d 614; *Battipaglia v Barlow,* 107 AD2d 1001, 1002-1003, *appeal dismissed* 65 NY2d 637; *Mesecher v Town of Huntington,* 104 AD2d 592, 593; *Haviland v Smith,* 91 AD2d 764, 765). Therefore, the plaintiff's cause of action is not barred as she has alleged that the county committed an affirmative act of negligence, to wit, installation of a defective guide rail. Lastly, we note that the doctrine of qualified governmental immunity enunciated in *Weiss v Fote (supra),* is not a basis for granting summary judgment to the county, as there are clearly factual disputes as to whether or not the guide rail was installed pursuant to a duly executed highway plan or was installed in conformity with accepted engineering standards on the date of construction *(see, Schwartz v New York State Thruway Auth.,* 61 NY2d 955, *affg* 95 AD2d 928; *Gutelle v City of New York, supra; Lattanzi v State of New York, supra; see also, Alexander v Eldred,* 63 NY2d 460, 466; *Muller v State of New York,* 108 AD2d 181, 187). Mollen, P. J., Weinstein, Rubin and Spatt, JJ., concur.