■ DEBORAH ROTHFIELD, Individually and as an Officer and Director and Equitable Shareholder of the HAMILTON PIERCE COMPANY, INC., Respondent, v MICHAEL CLINGER et al., Appellants, et al., Defendants. — Order of the Supreme Court, New York County (Gomez, J.), entered January 6, 1982 which denied defendants' motion to dismiss the complaint and which modified plaintiff's discovery demand to the extent only that defendants shall not be required to produce documents already in possession of plaintiff's counsel unanimously reversed, on the law, without costs, and defendants' motion to dismiss plaintiff's complaint pursuant to CPLR 3211 (subd [a], par 7) is granted without prejudice to an application by plaintiff to Special Term pursuant to CPLR 3211 (subd [e]) for leave to serve an amended complaint. The amended complaint in the action, which contains 130 paragraphs, purports to set forth in a single cause, claims for breach of contract, fraud, for the imposition of a constructive trust and for an accounting. Additionally, and in the same cause, it endeavors to set forth a derivative action on behalf of Hamilton Pierce Company, Inc. (Hamilton). In brief, the amended complaint alleged that plaintiff and Michael Clinger entered into an oral joint venture to

acquire an exclusive distributorship for a new line of laser surgical equipment manufactured by Laser Industries, Ltd., with plaintiff to manage the sale and distribution end of the enterprise. Plaintiff and Clinger were to receive identical compensation from a corporation to be formed to handle the distributorship. Initially plaintiff was to receive 49% of the shares of the corporation. After two years, however, the shares were to be divided equally between her and Clinger. It is further alleged that Clinger, instead of setting up a new corporation to conduct the enterprise, used Hamilton, a corporation owned by him, to handle the business of the joint venture and that he has refused to issue to her the shares agreed to in the oral joint venture. As the amended complaint now stands, it is plain that it alleges an oral agreement which, by its terms, cannot be performed within the one year from the making thereof. This is made explicit by the allegation that, after two years, the shares of the corporation to be formed to conduct the joint venture were to be redistributed so that the holdings of plaintiff and Clinger would be equal. Thus, as the amended complaint now stands it runs afoul of the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 1), and must be dismissed. It may be, however, that plaintiff, after sorting out the claims and enumerating them separately, may be able to allege some form of viable cause or causes of action. Accordingly, our decision is without prejudice to an application at Special Term pursuant to CPLR 3211 (subd [e]) for leave to serve a second amended complaint. In light of our determination, the application for a protective order becomes moot and we make no disposition thereof. Concur — Sullivan, J. P., Ross, Silverman, Bloom and Alexander, JJ.