OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by reversing so much of it as granted defendant’s motion for summary judgment dismissing the complaint and by denying defendant’s motion for that relief, and, as so modified, affirmed.
*757 Leave to amend the pleadings “shall be freely given” absent prejudice or surprise resulting directly from the delay (CPLR 3025, subd [b]; Fahey v County of Ontario, 44 NY2d 934, 935). Here the amendment sought to be pleaded was failure to comply with the contractual time limitation requiring commencement of action within six months of termination. There being nothing in the papers indicative of prejudice to or surprise of plaintiff, it was an abuse of discretion as a matter of law for Trial Term to deny defendant’s motion to amend its answer.
It was, however, error for the Appellate Division to grant defendant’s motion for summary judgment. Each party claimed the other had breached the contract; neither gave formal notice of termination. Whether the action was timely commenced turns, therefore, on whether in fact the contract was terminated and, if so, when. These questions present triable issues of fact barring summary judgment.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order modified, with costs to plaintiff, in accordance with the memorandum herein and, as so modified, affirmed.