■ CHARLES BONDA et al., Appellants, v LNR PROPERTIES et al., Respondents.—Order unanimously reversed on the law with costs and plaintiffs' motion granted. Memorandum: Plaintiffs' motion for summary judgment should have been granted. The record establishes defendants' execution and delivery of promissory notes to plaintiffs pursuant to their contract and also establishes defendants' default. Defendants respond that they were fraudulently induced to enter into the contract by plaintiffs' misrepresentation that the properties were eligible for rental subsidies. Defendants present no proof in admissible form that would support their charge of fraudulent misrepresentation *(Zuckerman v City of New York,* 49 NY2d 557, 562; *Rotuba Extruders v Ceppos,* 46 NY2d 223, 231).* Further, it is uncontested that defendants twice attempted to insert into the purchase contract a representation that the properties were eligible for governmental rental subsidies, and each time plaintiffs objected and insisted upon its deletion. The parties initialed the deletions and entered into the contract absent this representation. Defendants' agreement to the contract under these circumstances was equivalent to an affirmative representation that no reliance was being placed upon the representation. While it is gener-

ally permissible to rely on parol evidence to establish fraud *(see, Sabo v Delman,* 3 NY2d 155), it is not permitted in instances where, as here, a party acknowledges at the time the contract is entered into that it is not relying upon a representation and thereafter seeks to refute that statement by parol evidence *(see, Citibank v Plapinger,* 66 NY2d 90, 94-95, *rearg denied* 67 NY2d 647; *Danann Realty Corp. v Harris,* 5 NY2d 317). (Appeal from order of Supreme Court, Erie County, Wolf, J.—summary judgment.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.