■ AGRISTOR LEASING-II, Respondent, v CHESTER PANGBURN, Appellant.—Judgment unanimously affirmed with costs. Memorandum: Defendant lessee appeals from an order granting plaintiff lessor's motion for summary judgment on the issue of liability. Plaintiff's complaint alleges that defendant breached an agreement for the lease of certain farming equipment. In granting summary judgment to plaintiff, the court dismissed defendant's affirmative defense and counterclaim alleging fraud in the inducement and seeking rescission of the agreement and damages. That was proper.

Plaintiff established that it is entitled to summary judgment

on the issue of agency. In support of its motion, plaintiff established by competent proof that it is an entity distinct from the dealer, the manufacturer and the parent corporation. Plaintiff also established that Wood, the salesman for the dealer with whom defendant dealt exclusively, was not plaintiff's employee. Defendant produced no competent evidence to refute that point and, indeed, his EBT testimony indicates that he knew that Wood was the agent of either the dealer or the manufacturer, not of plaintiff. Further, the lease agreement itself contains disclaimers that refute any agency relationship between plaintiff and the dealer or its salesman.

Similarly, the lease agreement contains disclaimers which preclude any claim of reliance upon alleged misrepresentations of Wood. While a general merger clause does not preclude parol evidence to show that fraudulent misrepresentations induced the contract, a fraud claim is precluded by a clause that specifically disclaims representations concerning the very matter to which the fraud claim relates (see, Citibank v Plapinger, 66 NY2d 90, 94-95, rearg denied 67 NY2d 647; Wittenberg v Robinov, 9 NY2d 261; Danann Realty Corp. v Harris, 5 NY2d 317; Bonda v LNR Props., 155 AD2d 922).

Additionally, the fact that defendant signed a payment deferral agreement bars him from challenging the original agreement on the ground of fraud. Whether under a waiver or ratification analysis, a party may not avoid an agreement on grounds of fraud if, after acquiring knowledge of the fraud, he affirms the contract by accepting a benefit under it (Brennan v National Equitable Inv. Co., 247 NY 486; Gravenhorst v Zimmerman, 236 NY 22, 38; see generally, 22 NY Jur 2d, Contracts, § 491, at 437-438). By signing the payment deferral agreement, defendant was allowed to continue using the equipment and his default in payments was excused. Since the basis for defendant's fraud claim is that the equipment did not live up to Wood's representations, there is no doubt that defendant accepted those benefits after acquiring knowledge of the alleged fraud.

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from judgment of Supreme Court, Onondaga County, Lowery, J.—partial summary judgment.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.