■ BENJAMIN GOLDSTEIN PRODUCTIONS, LTD., et al., Appellants, v PETER FISH et al., Respondents. [603 NYS2d 849] —Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered May 26, 1992, which, *inter alia,* granted the motion by defendants Peter Fish and Jennifer Fish ("Fish") for partial summary judgment dismissing the second, third and fourth causes of action in the plaintiffs' complaint as against Fish and which referred the matter to a Special Referee for a hearing on the issue of attorneys' fees to be awarded to Fish, unanimously affirmed, without costs.

Order of the same court and Justice, entered February 26, 1993, which, *inter alia,* granted the Fish's motion to confirm the report of the Special Referee which, in connection with their prior motion to dismiss, granted attorneys' fees in the amount of $15,000 to Fish, unanimously affirmed, without costs.

Order of the same court and Justice, entered March 18, 1993, which granted the motion by defendants National Recording Studios, Inc. ("National") and Andrew Lustig ("Lustig") for summary judgment dismissing the first cause of action of the plaintiffs' complaint as against them, unanimously affirmed, without costs.

The IAS Court properly dismissed the plaintiffs' second cause of action for misrepresentation and third cause of action for fraud in the inducement, alleging that defendant Peter Fish, a former employee, had fraudulently induced the plaintiffs into executing a Settlement Agreement terminating their business relationship by orally misrepresenting that he would not thereafter be employed by defendant National, plaintiffs' major competitor. The court properly found that parol evidence was barred by the merger clause, negotiated at arm's length and inserted by the sophisticated parties in their Settlement Agreement, in which plaintiffs specifically acknowledged that they were not relying upon any oral representations *(Citibank v Plapinger,* 66 NY2d 90, 94-95; *Danann*

*Realty Corp. v Harris,* 5 NY2d 317, 323; *Bonda v LNR Props.,* 155 AD2d 922).

The IAS Court also properly dismissed the plaintiffs' fourth cause of action for economic duress and undue influence as against Fish, finding that, under the totality of the circumstances, the plaintiffs had not been forced by any wrongful threat precluding the exercise of their free will into involuntarily executing the Settlement Agreement because of economic duress *(805 Third Ave. Co. v M.W. Realty Assocs.,* 58 NY2d 447, 453; *Austin Instrument v Loral Corp.,* 29 NY2d 124, 130). The alleged threat by Fish to breach other agreements between the parties if the plaintiffs refused to execute the Settlement Agreement would not constitute economic duress, since the plaintiffs could have obtained performance from some other source and the ordinary remedy of an action for breach of contract would be adequate *(Austin Instrument v Loral Corp., supra,* at 130; *Sosnoff v Carter,* 165 AD2d 486, 491). Moreover, the record reveals that the plaintiffs, by their knowing acceptance of payments from Peter Fish for more than one year after the agreement was executed before commencing the underlying action, ratified the Settlement Agreement, and are therefore barred from alleging economic duress in its execution *(Sheindlin v Sheindlin,* 88 AD2d 930).

Nor did the IAS Court, in confirming the report of the Special Referee, err in granting attorneys' fees in the amount of $15,000 to the Fish defendants in connection with their motion for partial summary judgment, under paragraph 11.5 of the parties' Settlement Agreement, which provided for the award of reasonable legal fees and disbursements incurred by the party prevailing in enforcing rights under the terms of that Agreement.

Finally, we agree with the IAS Court that the plaintiffs' remaining first cause of action for tortious interference with contract as against defendants National and Lustig is fatally flawed and academic since the plaintiffs failed to show that there was a breach of the underlying contract by the third parties *(Inselman & Co. v FNB Fin. Co.,* 41 NY2d 1078, 1080; *Kaminski v United Parcel Serv.,* 120 AD2d 409, 412-413), nor have they shown that defendants National and Lustig had intentionally and through improper means induced a breach of the Settlement Agreement between the plaintiffs and defendants Fish, without justification, for the sole purpose of harming the plaintiffs *(Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 196).

We have reviewed the plaintiffs' remaining claims and find

them to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.