■ SUGAR CREEK STORES, INC., et al., Appellants, v BARBARA C. PITTS et al., Respondents. [604 NYS2d 407] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs' contention that Supreme Court should have granted their motion for summary judgment for the relief demanded in their amended complaint pursuant to CPLR 3211 (c) cannot be considered on this appeal. In their notice of appeal, plaintiffs specified that the appeal was limited to those parts of the order that denied their motions for a preliminary injunction and dismissal of the affirmative defenses and counterclaims contained in defendants' answer. It is well-established that "[a]n appeal from only part of an order constitutes a waiver of the right to appeal from the other parts of that order" *(Royal v Brooklyn Union Gas Co.,* 122 AD2d 132, 133; *see also, Whittaker v Cohen,* 178 AD2d 941; *Beauchamp v Riverbay*

*Corp.,* 156 AD2d 172; *Dingle v Pergament Home Ctrs.,* 141 AD2d 798, 799; *Vias v Rohan,* 119 AD2d 672).

Supreme Court should have granted plaintiffs' motion to dismiss the first, second and third affirmative defenses and the counterclaims. Defendants, in their first, second and third counterclaims, each of which is labeled "defense and counterclaim" in the answer, alleged sufficient facts to constitute a prima facie showing of the existence of an oral joint venture *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Pietropaoli Trucking v Nationwide Mut. Ins. Co.,* 100 AD2d 680). While an oral agreement may be sufficient to create a joint venture relationship, the Statute of Frauds *(see,* General Obligations Law § 5-701 [a] [1]) applies to joint ventures, which, as here, have a stated term of more than one year *(see, Ebker v Tan Jay Intl.,* 739 F2d 812; *see also, Rothfield v Clinger,* 91 AD2d 939; *Sutton Hill Assocs. v Landes,* 705 F Supp 940, 946, 947). Defendants admit that the lease and the franchise agreements have stated terms of more than one year. Thus, the first and second affirmative defenses and the first and second counterclaims are barred by the Statute of Frauds. Further, those affirmative defenses must be dismissed because defendants contractually disclaimed any relationship as joint venturers and the parol evidence rule bars proof of any oral joint venture agreement *(see, Marine Midland Bank-S. v Thurlow,* 53 NY2d 381, 387-388).

The third "defense and counterclaim", which alleges fraud in the inducement, "is precluded by a clause that specifically disclaims representations concerning the very matter to which the fraud claim relates" *(Agristor Leasing-II v Pangburn,* 162 AD2d 960, 961; *see also, Citibank v Plapinger,* 66 NY2d 90, 93-94; *Bonda v LNR Props.,* 155 AD2d 922, 923). Here, clauses in the lease and franchise agreements specifically disclaimed representations concerning the matter to which defendants' fraud allegations relate. Further, although the promissory note did not contain a merger clause, the record shows that it was executed by defendant Barbara Pitts after defendants acquired knowledge of plaintiffs' alleged fraud *(see, Agristor Leasing-II v Pangburn, supra,* at 961). "Whether under a waiver or ratification analysis, a party may not avoid an agreement on grounds of fraud if, after acquiring knowledge of the fraud, he affirms the contract by accepting a benefit under it" *(Agristor Leasing-II v Pangburn, supra,* at 961). Thus, we conclude that both the language of the disclaimers in the agreements and the subsequent ratification by the execution of the note bar defendants from challenging the

agreements and the promissory note to which the third "defense and counterclaim" relate.

Therefore, we modify the order of Supreme Court by granting plaintiffs' motion to dismiss the first, second and third affirmative defenses and the first, second and third counterclaims. (Appeal from Order of Supreme Court, Monroe County, Rosenbloom, J.—Dismiss Counterclaims.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.