■ Cecos International, Inc., Respondent-Appellant, v Advanced Polymer Sciences, Inc., Appellant-Respondent, and Cyril & Sons Contractors, Inc., Doing Business as Eastern Tank Services Division, et al., Respondents. [668 NYS2d 290] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of the motion of defendant Advanced Polymer Sciences, Inc. (APS), for summary judgment dismissing the causes of action for breach of warranty and negligent misrepresentation. With respect to the cause of action for breach of warranty, the limited warranty requires that any claim under the warranty be made within five days of discovery of the breach, and it is undisputed that plaintiff asserted no claim against APS for nearly two years after discovery of the alleged breach. With respect to the cause of action for negligent misrepresentation, plaintiff failed to demonstrate the existence of a special relationship distinct from the contract to support such a cause of action (see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382, 389; Fort Ann Cent. School Dist. v Hogan, 206 AD2d 723, 724-725; Andres v LeRoy Adventures, 201 AD2d 262). We reject plaintiff's contention that APS is not entitled to dismissal of the negligent misrepresentation cause of action because it failed to produce, pursuant to a discovery demand, reports of test results concerning the resistance of APS' product to certain chemicals. Plaintiff failed to show that the failure to produce those reports deprived it of "facts essential to justify opposition" to the motion (CPLR 3212 [f]; see, Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 164, rearg denied 52 NY2d 829). APS sought summary judgment on the ground that there was no special relationship between the parties, not on the ground that APS did not misrepresent the suitability of the product or its capacity to resist certain chemicals.

Plaintiff contends on appeal that it is entitled to summary judgment against APS on an unpleaded cause of action for breach of contract. APS responds that it is entitled to summary judgment determining that plaintiff has no such cause of action. Although summary judgment may be granted on an unpleaded cause of action (see, Home Sav. Bank v Coconut Is. Props., 226 AD2d 1138, 1139; Stiber v Cotrone, 153 AD2d 1006, 1007, lv denied 75 NY2d 703), neither party has established entitlement to judgment as a matter of law on an unpleaded cause of action for breach of contract. Thus, we modify the order by granting that part of the motion of APS for summary judgment dismissing the causes of action for breach of warranty and negligent misrepresentation. (Appeals from Order of

Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.