■ FRANK S. SABIA, III, an Infant, by His Father and Natural Guardian, FRANK SABIA, JR., et al., Respondents, v K. HOVNANIAN COMPANIES et al., Appellants, et al., Defendant. [720 NYS2d 373] —In an action to recover damages for personal injuries, etc., the defendants K. Hovnanian Companies, K. Hovnanian at Stony Point, Inc., Hovnanian Enterprises, Inc., Palisades Estates of Stony Point Realty Corp., and Rider Hill Realty, Inc., appeal from an order of the Supreme Court, Rockland County (Bergerman, J.), dated May 25, 2000, which denied their respective motions for leave to amend their answers to assert counterclaims against the parents of the infant plaintiff.

Ordered that the order is reversed, with costs, the motions are granted, and the appellants' time to serve their amended answers is extended until 30 days after service upon them of a copy of this decision and order with notice of entry.

The 13-year-old infant plaintiff was allegedly injured when the all-terrain vehicle (hereinafter ATV) he was riding fell into a hole at a construction site controlled, maintained, and operated by the appellants. The appellants moved to amend their

answers to assert counterclaims for contribution against the infant plaintiff's parents for the negligent entrustment of a dangerous instrument to their child.

The Supreme Court improvidently exercised its discretion in denying the appellants' motions to amend their answers (*see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757; CPLR 3025 [b]). The appellants presented sufficient evidence to show that the infant plaintiff's parents negligently entrusted him with a dangerous instrument, i.e. an ATV, and that the use of the ATV by the infant plaintiff could foreseeably cause harm to the appellants by exposing them to liability for the injuries to the infant plaintiff (*see, Nolechek v Gesuale,* 46 NY2d 332; *cf., LaTorre v Genesee Mgt.,* 90 NY2d 576; *Holodook v Spencer,* 36 NY2d 35). Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.