*335 Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 18, 2006, which granted the motion of nonparty respondents McCallion & Associates and Grobman for an order directing defendants to consummate a settlement agreement embodied in a July 25, 2006 order of the court by executing general releases in favor of those nonparty respondents, unanimously affirmed, with costs. Defendants are directed to execute and deliver the releases in the form provided by nonparty respondents within 10 days of entry of the order of this Court.
Defendants’ contention that the portion of the settlement agreement requiring them to sign general releases is unenforceable is without merit. Upon application by defendants, then represented by able counsel, the trial court signed an order embodying the terms of a settlement agreement negotiated among all parties, including the McCallion firm and Grobman, defendants’ former attorneys in this action. Notwithstanding defendants’ unsworn protestations that they never agreed to execute general releases in favor of McCallion and Grobman, they are bound by the terms of the settlement agreement because their counsel had actual and apparent authority both to negotiate the settlement on their behalf and to apply to the court for an order embodying the terms of the settlement agreement (see Hallock v State of New York, 64 NY2d 224 [1984]; Davidson v Metropolitan Tr. Auth., 44 AD3d 819 [2007]). The term requiring defendants to release their former attorneys was negotiated in accordance with Code of Professional Responsibility DR 6-102 (22 NYCRR 1200.31). Moreover, with actual knowledge of the terms of the settlement order, defendants accepted and made use of the substantial benefits accruing to them under the settlement agreement, thereby implicitly ratifying the terms of the agreement (see Friedman v Garey, 8 AD3d 129 [2004]) and barring any subsequent claim of duress (Benjamin Goldstein Prods. v Fish, 198 AD2d 137, 138 [1993]).
Under these circumstances, the court providently exercised its discretion in denying defendants’ request for an adjournment (see Matter of Steven B., 6 NY3d 888 [2006]). Concur— Tom, J.E, Andrias, Friedman, Catterson and Acosta, JJ.