# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

803

CA 11-00333

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND GREEN, JJ.

---

NIAGARA FOODS, INC., BENLEY REALTY CO. AND
THE CHARTER OAK FIRE INSURANCE COMPANY,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

                 V                    MEMORANDUM AND ORDER

FERGUSON ELECTRIC SERVICE COMPANY, INC. AND TEGG
CORPORATION, DEFENDANTS-RESPONDENTS-APPELLANTS.

---

LAW OFFICES OF ROBERT A. STUTMAN, P.C., NEW YORK CITY (KEVIN P. SMITH
OF COUNSEL), AND BRANDT, ROBERSON & BRANDT, P.C., LOCKPORT, FOR
PLAINTIFFS-APPELLANTS-RESPONDENTS.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (R. ANTHONY
RUPP, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT FERGUSON
ELECTRIC SERVICE COMPANY, INC.

WALSH, ROBERTS & GRACE, BUFFALO (MARK P. DELLA POSTA OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT TEGG CORPORATION.

---

Appeal and cross appeals from an amended order of the Supreme
Court, Niagara County (Ralph A. Boniello, III, J.), entered July 27,
2010. The amended order, among other things, granted in part
defendants' motions to dismiss.

It is hereby ORDERED that the amended order so appealed from is
unanimously modified on the law by granting that part of the motion of
defendant Ferguson Electric Service Company, Inc. to dismiss the
breach of contract cause of action asserted against it by plaintiff
Benley Realty Co. and as modified the amended order is affirmed
without costs.

Memorandum: In this action to recover damages sustained as the
result of a fire, plaintiffs appeal and defendants each cross-appeal
from an amended order that, inter alia, granted in part defendants'
respective motions to dismiss the first amended complaint. Addressing
first plaintiffs' appeal, we conclude that Supreme Court properly
granted those parts of the motions to dismiss the causes of action for
fraud and negligent misrepresentation.

With respect to that part of the fraud cause of action against
defendant Tegg Corporation (Tegg), plaintiffs relied upon an e-mail
from Tegg that merely constituted a promise for future action, which
is insufficient to support that cause of action against Tegg (*see*

*Transit Mgt., LLC v Watson Indus., Inc.*, 23 AD3d 1152, 1155; *Cerabono v Price*, 7 AD3d 479, 480, *lv dismissed* 3 NY3d 737, *lv denied* 4 NY3d 704). With respect to that part of the fraud cause of action against defendant Ferguson Electric Service Company, Inc. (Ferguson), we note that it is well settled that "[a] cause of action premised upon fraud cannot lie where it is based on the same allegations as [a] breach of contract [cause of action]" (*Heffez v L & G Gen. Constr., Inc.*, 56 AD3d 526, 527). Nevertheless, where the alleged fraudulent representation is collateral to the contract, i.e., it is a fraudulent representation regarding present fact as opposed to one reflecting an intent to perform, the fraud and breach of contract causes of action simultaneously may be maintained (*see Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956; *McKernin v Fanny Farmer Candy Shops*, 176 AD2d 233, 234). Here, the fraud and breach of contract causes of action with respect to Ferguson are based upon the same allegations inasmuch as both rely upon the May 3, 2004 agreement between Ferguson and plaintiff Niagara Foods, Inc. (Niagara Foods). Moreover, the documents attached to the first amended complaint establish that Ferguson made no false representation of present fact. With respect to the negligent misrepresentation cause of action, no special relationship other than an ordinary business relationship is asserted in the first amended complaint with respect to either Tegg or Ferguson. Thus, the court properly granted those parts of defendants' motions dismissing that cause of action against them (*see Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 795-796; *H & R Project Assoc. v City of Syracuse*, 289 AD2d 967, 969; *Cecos Intl. v Advanced Polymer Sciences*, 245 AD2d 1017).

With respect to defendants' cross appeals, we reject their contention that the court erred in denying those parts of their motions to dismiss the strict products liability cause of action. Plaintiffs properly pleaded a cause of action for strict products liability (*see Van Iderstine v Lane Pipe Corp.*, 89 AD2d 459, 460-461, *lv dismissed* 58 NY2d 610, 1113), and the court was correct that, at this stage of the litigation, there is an issue of fact whether defendants provided a service, a product, or a combination thereof. We agree with Ferguson, however, that the court erred in denying that part of its motion to dismiss the breach of contract cause of action asserted by plaintiff Benley Realty Co. (Benley) against it inasmuch as Benley did not enter into a contract with Ferguson (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 181-182). Nor has Benley established that it was a third-party beneficiary of the contract between Ferguson and Niagara Foods or that any benefit it received from that contract was sufficiently immediate to establish the assumption of a duty by Ferguson to compensate Benley in the event that the benefit was lost (*see id.* at 182). We therefore modify the amended order accordingly.

Entered:  July 1, 2011                                    Patricia L. Morgan
                                                          Clerk of the Court