# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**179**

**CA 13-00749**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

EAST2WEST CONSTRUCTION COMPANY, LLC, AND
DAVID P. DURKIN, PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

THE FIRST REPUBLIC CORPORATION OF AMERICA,
HARRY BERGMAN, JOHN E. SILVERMAN, JAMES M.
GALLAGHER, THE HOLDER GROUP, INC., DREW
HOLDER, ALSO KNOWN AS ANDREW A. HOLDER, BETH
LATOUR, ALSO KNOWN AS ELIZABETH LATOUR COLLINS,
GLEICH, SIEGEL & FARKAS LLP,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

D'ARRIGO & COTE, LIVERPOOL (MARIO D'ARRIGO OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

MENTER, RUDIN & TRIVELPIECE, P.C., SYRACUSE (JULIAN B. MODESTI OF
COUNSEL), AND GLEICH, SIEGEL & FARKAS LLP, GREAT NECK, FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered October 24, 2012. The order, among other things, granted in part the motion of defendants-respondents to dismiss certain causes of action alleged in plaintiffs' complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking to dismiss the seventh cause of action against defendant Gleich, Siegel & Farkas LLP and to amend the caption to remove that defendant therefrom and as modified the order is affirmed without costs.

Memorandum: Plaintiff East2West Construction Company, LLC (E2W) entered into a contract with defendant The First Republic Corporation of America (FRCA) for the construction of a hotel in Liverpool, New York. FRCA allegedly failed to make certain payments pursuant to the contract. E2W and its sole member and principal, plaintiff David P. Durkin, thereafter commenced this action asserting causes of action for, inter alia, breach of contract, diversion of trust funds, fraud and deceit, conspiracy to defraud, and injury to property.

In appeal No. 1, plaintiffs appeal from an order that, inter alia, granted in part the motion of defendant Gleich, Siegel & Farkas LLP (GSF) and the remaining defendants-respondents (collectively, FRCA defendants) to dismiss certain causes of action. Contrary to plaintiffs' contention, Supreme Court properly dismissed the cause of action for fraud, asserted only against FRCA. "At most, plaintiffs allege that [FRCA] induced them to enter into a contract [modification] that [FRCA] did not intend to honor[, and] such allegations do not state a cause of action in fraud" (*Makuch v New York Cent. Mut. Fire Ins. Co.*, 12 AD3d 1110, 1111; *see Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc.*, 86 AD3d 919, 919). As a result, the court also properly dismissed the cause of action for conspiracy to defraud against the FRCA defendants because "there is no independent tort to provide a basis for liability under [any] concert of action, conspiracy, and aiding and abetting theories" (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57; *see Brenner v American Cyanamid Co.*, 288 AD2d 869, 869-870; *Pappas v Passias*, 271 AD2d 420, 421). As with the cause of action for fraud, plaintiffs' cause of action for injury to property was also properly dismissed against the FRCA defendants as duplicative of plaintiffs' breach of contract causes of action (*cf. Albemarle Theatre v Bayberry Realty Corp.*, 27 AD2d 172, 177).

We agree with plaintiffs, however, that the court erred in granting that part of the motion of GSF and the FRCA defendants seeking to dismiss the seventh cause of action, for diversion of trust funds, against GSF, and to remove GSF from the caption of the case. We therefore modify the order in appeal No. 1 accordingly. "An improper diversion of the contractor's trust assets occurs when any such trust asset is paid, transferred or applied for a nontrust purpose . . . before all of the trust claims have been paid or discharged . . . A trust beneficiary may enforce its rights against any nonbeneficiary who receives trust assets with knowledge of their trust status" (*Canron Corp. v City of New York*, 89 NY2d 147, 154; *see* Lien Law §§ 72 [1]; 77 [3] [a] [i], [vi]; *LeChase Data/Telecom Servs., LLC v Goebert*, 6 NY3d 281, 289; *Fleck v Perla*, 40 AD2d 1069, 1070). We agree with plaintiffs that a prior order of the court stating that GSF had returned a payment from FRCA does not defeat the allegation in the complaint that GSF received trust funds diverted by FRCA, inasmuch as the allegation did not specify a precise amount (*cf. generally* CPLR 3211 [a] [1]).

In appeal No. 2, plaintiffs appeal from an order that granted the motion of defendants Quinlivan, Pierik & Krause A/E, doing business as QPK Designs, Vincent Nicotra, and Linda K. Storrings (collectively, QPK defendants) to dismiss the complaint against them. The order also denied without prejudice E2W's cross motion to certify a class. The only causes of action asserted against the QPK defendants were those for conspiracy to defraud and injury to property, and we likewise conclude for the reasons set forth above that those causes of action were properly dismissed against the QPK defendants (*see Small*, 94 NY2d at 57; *cf. Albemarle Theatre*, 27 AD2d at 177). Finally, contrary to plaintiffs' contention, "the court properly exercised its discretion .

. . in denying class action certification . . . in light of the failure to set forth evidentiary facts to support such request" (*Matros Automated Elec. Constr. Corp. v Libman*, 37 AD3d 313, 313; *see* CPLR 901, 902; *Yonkers Contr. Co. v Romano Enters. of N.Y.*, 304 AD2d 657, 658-659).

Entered: March 21, 2014                                    Frances E. Cafarell
                                                          Clerk of the Court