■ FORTY CENTRAL PARK SOUTH, INC., et al., Respondents, v JOSEPH ANZA et al., Appellants. [14 NYS3d 11]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 17, 2014, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to amend the complaint to add a cause of action against additional defendant Anza Capital Partners LLC, and order, same court and Justice, entered on or about February 6, 2015, which denied defendants' motion to dismiss the amended complaint or strike certain paragraphs, and limited their discovery to five additional interrogatories, unanimously affirmed, with costs.

Plaintiffs moved to amend the complaint to assert a cause of action for breach of contract against additional defendant Anza Capital Partners LLC (ACP), after their cause of action for fraudulent inducement was dismissed on the ground that the supporting allegations only gave rise to a breach of contract cause of action (117 AD3d 523 [1st Dept 2014]). Defendants failed to demonstrate substantial prejudice or surprise resulting from the amendment (*see JPMorgan Chase Bank, N.A. v Low Cost Bearings NY Inc.*, 107 AD3d 643 [1st Dept 2013]). The need for additional discovery does not constitute substantial prejudice (*Jacobson v McNeil Consumer & Specialty Pharms.*, 68 AD3d 652, 654 [1st Dept 2009]). Nor does the amended complaint add significant factual allegations.

The added breach of contract claim states a cause of action

by alleging that the parties entered into an operating agreement, that plaintiffs performed by investing $500,000, that defendant Anza, as manager of ACP, caused ACP to fail to perform its obligations by, among other things, causing it not to use the investment for its proscribed purpose and permitting withdrawals in violation of specified provisions of the operating agreement, and that plaintiffs were damaged as a result (*see Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010]).

The cause of action for fraud is adequately pleaded, as we held in the prior appeal (117 AD3d 523 [1st Dept 2014]). Moreover, the fraud cause of action against Anza is not duplicative of the breach of contract cause of action against ACP, since it is based upon representations that Anza made that are separate and distinct from ACP's obligations under the operating agreement (*see Mañas v VMS Assoc., LLC*, 53 AD3d 451, 453 [1st Dept 2008]).

The paragraphs of the complaint that defendants seek to strike are not scandalous or prejudicial and are relevant to the causes of action pleaded (*see Soumayah v Minnelli*, 41 AD3d 390, 392 [1st Dept 2007]; *New York City Health & Hosps. Corp. v St. Barnabas Community Health Plan*, 22 AD3d 391 [1st Dept 2005]; CPLR 3024 [b]).

Since the record makes clear that defendants have had ample opportunity to conduct discovery on both causes of action, the court properly limited their discovery.

We have considered defendants' remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Friedman, Renwick, Moskowitz and Clark, JJ.