# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1261**
**CA 16-00545**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PIKE COMPANY, INC., PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

JERSEN CONSTRUCTION GROUP, LLC, AND WESTERN
SURETY COMPANY, DEFENDANTS-APPELLANTS.
(ACTION NO. 1.)
--------------------------------------------------
JERSEN CONSTRUCTION GROUP, LLC,
PLAINTIFF-APPELLANT,

V

THE PIKE COMPANY, INC. AND FIDELITY AND
DEPOSIT COMPANY OF MARYLAND,
DEFENDANTS-RESPONDENTS.
(ACTION NO. 2.)
--------------------------------------------------
JERSEN CONSTRUCTION GROUP, LLC,
PLAINTIFF-APPELLANT,

V

FIDELITY AND DEPOSIT COMPANY OF MARYLAND,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.
(ACTION NO. 3.)

---

MASTROPIETRO LAW GROUP, PLLC, SARATOGA SPRINGS (ERIC W. GENTINO OF
COUNSEL), FOR DEFENDANTS-APPELLANTS AND PLAINTIFF-APPELLANT.

PHILLIPS LYTLE LLP, ROCHESTER (MARK J. MORETTI OF COUNSEL), FOR
PLAINTIFF-RESPONDENT AND DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered October 27, 2015. The order granted the motion of The Pike Company, Inc. and Fidelity and Deposit Company of Maryland to dismiss the counterclaim for fraud against The Pike Company, Inc. in action No. 1.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the fifth counterclaim of Jersen Construction Group, LLC in action No. 1 is reinstated.

Memorandum:  In these three consolidated actions, Jersen Construction Group, LLC (Jersen), a defendant in action No. 1 and the plaintiff in action Nos. 2 and 3, and Western Surety Company (Western), a defendant in action No. 1, appeal from an order that granted the CPLR 3211 motion of The Pike Company, Inc. (Pike), the plaintiff in action No. 1 and a defendant in action No. 2, and Fidelity and Deposit Company of Maryland (Fidelity), a defendant in action Nos. 2 and 3, seeking dismissal of Jersen's counterclaim for fraud against Pike in action No. 1.  We agree with Jersen and Western that Supreme Court erred in granting the motion, and we therefore reverse the order, deny the motion, and reinstate that counterclaim.

Pursuant to a contract with the State University Construction Fund, Pike was the general contractor for a construction project at the State University College at Plattsburgh.  In its second amended complaint in action No. 3, Jersen alleged that Pike entered into a subcontract with Jersen pursuant to which Jersen would perform masonry work after the "concrete foundations were installed, structural steel was in place, metal framing was erected and the concrete floors had been poured."

After the actions were consolidated by stipulation, Jersen filed a third amended answer with counterclaims in action No. 1, which realleged its four original causes of action from action Nos. 2 and 3 as counterclaims and added a fifth counterclaim, for fraud.  The fraud counterclaim is the sole focus of this appeal.  In that counterclaim, Jersen alleged that, before it began work on the project, Pike was informed by at least one of its other subcontractors that its substrate work was not "accurate, flat or level," i.e., was deficient.  Nevertheless, Pike represented to Jersen that the substrate work "had been erected in accordance with the contract requirements and was plumb, level, and true and that [Pike] had performed a professional survey of the structural steel to confirm the same."  Jersen alleged that Pike's representations to Jersen "were false," and that Pike "concealed and recklessly withheld from Jersen knowledge that the substrate was not dimensionally accurate, flat or level."  Additionally, Jersen alleged that Pike made those false representations "in order to deceive Jersen and induce Jersen to commence installation upon the substrate."  Jersen further alleged that it relied on Pike's representations and would not have commenced installation of the masonry work had Pike not misrepresented to Jersen that the substrate had been installed in accordance with the contract requirements.  According to Jersen, it suffered damages as a result of its reliance on Pike's false representations.

We agree with Jersen and Western that the court erred in relying on the disclaimer clause found in section 1.8 of the subcontract in granting the motion to dismiss the fraud counterclaim pursuant to CPLR 3211 (a) (1).  Section 1.8 of the subcontract discusses site inspection visits, and provides that "[Jersen] accepts responsibility for the inspection of conditions that could affect the Subcontract Work at the Project site, and based on that inspection, and not in reliance upon any opinions or representations of [Pike], its officers, agents or employees, acknowledges its responsibility to satisfactorily

perform the Subcontract Work without additional expense to [Pike]." Jersen and Western contend that section 1.8 is a typical site investigation disclaimer, which "attempts to place the risk of changed conditions on the [sub]contractor by requiring it to investigate the site before bidding and to familiarize itself with all conditions under which the job will be performed" (Biser, Rubin & Brown, New York Construction Law Manual § 5.8 [2d ed 33 West's NY Prac Series 2016]). Thus, they contend that the disclaimer applies only to site inspections and representations that occurred before execution of the subcontract, and not to any representations occurring after execution of the subcontract.  That contention is buttressed by the fact that the remainder of section 1.8 is written in the past tense and concerns conditions of the site, rather than referring to conditions of the work performed by others.

Generally, "[a] claim for fraud is barred by the existence of a specific disclaimer and failure to exercise reasonable diligence" (*Steinhardt Group v Citicorp*, 272 AD2d 255, 256), and a disclaimer clause will preclude a fraud claim only where the clause "specifically disclaims representations concerning the very matter to which the fraud claim relates" (*Agristor Leasing-II v Pangburn*, 162 AD2d 960, 961; *see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc.*, 115 AD3d 128, 137; *see generally Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321).

We conclude that the subcontract is ambiguous whether the disclaimer clause in section 1.8 precludes Jersen from relying on any opinions or representations concerning work performed by others after Jersen executed the subcontract, and thus that section 1.8 does not "conclusively establish[ ] a defense" to the counterclaim for fraud (*Leon v Martinez*, 84 NY2d 83, 88).  Although Pike and Fidelity contend that various other contractual provisions required Jersen to inspect the site and work of other trades, those provisions do not contain disclaimer clauses that would bar the fraud counterclaim (*see generally Steinhardt Group*, 272 AD2d at 256).

We also agree with Jersen and Western that Jersen's fraud counterclaim is not duplicative of its counterclaim for breach of contract.  Construing the fraud counterclaim liberally and affording every favorable inference to the facts alleged in that counterclaim (*see Held v Kaufman*, 91 NY2d 425, 432), we conclude that it is "based upon representations that [Pike] made that are separate and distinct from [Pike's] obligations under the [subcontract]" (*Forty Cent. Park S., Inc. v Anza*, 130 AD3d 491, 492; *cf. Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc.*, 86 AD3d 919, 919; *see generally Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956). Pike's denial of the allegations in the fraud counterclaim merely raises issues of fact that cannot be resolved on the instant motion (*see Basis Yield Alpha Fund [Master]*, 115 AD3d at 139).

Finally, we agree with Jersen and Western that the fraud counterclaim was pleaded with sufficient particularity (*see* CPLR 3016 [b]; *Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491-492). Upon considering the affidavits submitted in opposition to the motion

"to remedy pleading problems" (*Sargiss v Magarelli*, 12 NY3d 527, 531), we conclude that Jersen alleged therein that Pike "(1) made a representation to a material fact; (2) the representation was false; (3) [Pike] intended to deceive [Jersen]; (4) [Jersen] believed and justifiably relied on the statement and in accordance with the statement engaged in a certain course of conduct; and (5) as a result of the reliance, [Jersen] sustained damages" (*Heckl v Walsh* [appeal No. 2], 122 AD3d 1252, 1255; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559). Based on our resolution of this issue, we do not reach the alternative request of Jersen and Western for leave to amend the counterclaim.

Entered:  February 10, 2017                    Frances E. Cafarell
                                                Clerk of the Court