Alvarez v Charles St. Owners Corp. (2022 NY Slip Op 05944)

Alvarez v Charles St. Owners Corp.

2022 NY Slip Op 05944

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 452276/21 Appeal No. 16544 Case No. 2022-01771 

[*1]Lilia Adriana Alvarez, Individually and as Executrix of the Estate of Benito Vieitez, and the Estate of Benito Vieitez, Plaintiff-Appellant,
v
Charles Street Owners Corp., Defendant-Respondent, John Doe, et al., Defendants.

DiGangi Law Firm, Richmond Hill (Angelo A. DiGangi of counsel), for appellant.
Kaufman Friedman Plotnicki & Grun, LLP, New York (Stanley M. Kaufman of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J), entered January 5, 2022, which, to the extent appealed from, granted defendant Charles Street Owners Corp.'s motion to amend its answer to add a counterclaim and two counterclaim defendants, unanimously affirmed, without costs.
The trial court providently exercised its discretion in permitting defendant to amend its answer to assert a counterclaim for ejectment in the absence of prejudice or surprise to plaintiff (see McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp. , 59 NY2d 755, 757 [1983]).
Contrary to plaintiff's contention, there is no pending Civil Court holdover proceeding. The Notice of Petition and Petition in that proceeding were never served, and defendant served and filed a Notice of Discontinuance in Civil Court before any responsive pleading was served (CPLR 3217[a][1]).
In addition, joinder of the additional counterclaim defendants, plaintiff's son and his companion, who are believed to be currently in possession of the apartment, was proper (CPLR 1001[a]; RPAPL 631 ["Where the complaint demands judgment for the immediate possession of the property, if the property is actually occupied, the occupant shall be made defendant in the action"]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022