Thomas v 560-566 Hudson LLC (2023 NY Slip Op 04640)

Thomas v 560-566 Hudson LLC

2023 NY Slip Op 04640

Decided on September 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 14, 2023

Before: Kern, J.P., Moulton, Mendez, Shulman, Rodriguez, JJ. 

Index No. 158854/19 Appeal No. 590 Case No. 2022-04907 

[*1]S.M. Thomas et al., Plaintiffs-Appellants-Respondents,
v
560-566 Hudson LLC, Defendant-Respondent-Appellant.

Newman Ferrara LLP, New York (Roger A. Schar of counsel), for appellants-respondents.
Law Office of Stacie Bryce Feldman, New York (Stacie Bryce Feldman of counsel) , for respondent-appellant.

Order, Supreme Court, New York County (Paul A. Goetz, J), entered on or about October 29, 2022, which, to the extent appealed from, granted plaintiffs' motion for summary judgment on their first cause of action to the extent of determining that legal regulated rent for their apartments would be established using the default formula under the Rent Stabilization Code, held in abeyance determination of the motion on the second through fourth causes of action pending submission of additional documents, dismissed all but the first and twelfth of defendant's affirmative defenses, and sua sponte modified the parties' stipulation as to the class period base date by amending the base date from June 14, 2015 to September 12, 2015, modified, on the law, to deny the motion as to the first through fourth causes of action and to vacate so much of the order as sua sponte modified the parties' stipulation as to the base date, and otherwise affirmed, without costs.
Under Rent Stabilization Code (9 NYCRR) § 2522.6 (b) (2) (iii), the default formula for establishing the legal regulated rent may be applied where "the base rent is the product of a fraudulent scheme to deregulate the apartment." Because deregulation of apartments often involves misinterpretations of the law rather than willfulness, the fraud exception to the four-year lookback rule is generally inapplicable in the context of J-51 overcharge claims brought under Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]) (see Casey v Whitehouse Estates, 39 NY3d 1104, 1106 [2023]; Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 356 [2020]). An increase in rent combined with registration failures, without more, is insufficient on a motion for summary judgment to establish a fraudulent scheme to deregulate an apartment as a matter of law (see Regina, 35 NY3d at 356 n 7; Tribbs v 326-338 E 100th LLC, 215 AD3d 480, 481 [1st Dept 2023]).
Plaintiffs did not provide sufficient prima facie evidence under Roberts to establish, as a matter of law, a fraudulent scheme to deregulate their apartments. Accordingly, the portion of the motion seeking summary judgment as to the first through fourth causes of action should have been denied rather than held in abeyance. The evidence that plaintiffs submitted in support of their motion consists solely of documentary evidence, including rent rolls for the buildings showing deregulated apartments, as well as free market leases and renewal leases, some of which disclaim receipt of J-51 benefits. Furthermore, plaintiffs did not provide any tenant affidavits concerning reliance and damages or clearly set out evidence of leasing history. This evidence, which does not demonstrate fraud as a matter of law (see Regina, 35 NY3d at 356 n 7), is insufficient on a motion for summary judgment to establish a fraudulent scheme to deregulate apartments in the buildings (see Tribbs, 215 AD3d at 481).
It was not error for the court to sua [*2]sponte amend the complaint so that it alleges a violation of Rent Stabilization Law (RSL [Administrative Code of City of NY]) § 26-516 rather than RSL 26-512. There is no prejudice or unfair surprise as both sections of the statute cover rent overcharges (see McCaskey, Davies and Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983]).
As to the court's sua sponte amendment of the stipulation setting the base date based on a perceived mistake of law, the parties charted their own course by agreeing on the applicable base date, and the courts favor enforcement of stipulations, which "serves the interest of efficiency in the final resolution of this dispute" (Mill Rock Plaza Assoc. v Lively, 224 AD2d 301, 301 [1st Dept 1996]).
The court properly dismissed the defenses that lacked any legal or factual basis (see Matter of Ideal Mut. Ins. Co., 140 AD2d 62, 67 [1st Dept 1988]).
Finally, the court improperly held that plaintiffs could not seek damages accruing after the filing of the complaint (see CPLR 3025[c]).
We have considered the remaining arguments and find them unavailing.
All concur except Rodriguez, J. who concurs in a
separate memorandum as follows:

RODRIGUEZ, J. (concurring)
 

I agree with and join my colleagues as to the result. However, I disagree with the majority inasmuch as its decision unnecessarily reaches beyond what is required to decide the present appeal. As the majority acknowledges, plaintiffs failed to make a prima facie showing of entitlement to judgment as a matter of law since their motion was not supported by tenant affidavits concerning damages or clearly setting out the leasing history. This conclusion suffices to deny the motion (see CPLR 3212[b]; Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Accordingly, I do not join the majority's remarks regarding the substantive law—applicable where, unlike here, a rent overcharge plaintiff's motion does not fail on an evidentiary threshold matter.
As noted by Supreme Court, the record indicates that defendant improperly removed a number of plaintiffs' apartments from rent regulation even after the Court of Appeals' 2009 decision in Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]). It is therefore far from clear whether the standards set forth in Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal (35 NY3d 332 [2020]) or Casey v Whitehouse Estates, Inc. (39 NY3d 1104 [2023])—which are based on a landlord's adherence, in the pre-Roberts period, toguidance from the State Division of Housing and Community Renewal (DHCR)—straightforwardly apply to plaintiffs' claims (see Regina, 35 NY3d at 348 ["these four appeals . . . present a common issue under the Rent Stabilization Law (RSL): what is the proper method for calculating the recoverable rent overcharge for New York City apartments that were improperly removed from rent stabilization during receipt of J-51 benefits prior to our 2009 decision in Roberts"][*3][emphasis added]; id. at 350 ["Each of these cases involves an apartment that was treated as deregulated consistent with then-prevailing DHCR regulations and guidance before this Court rejected that guidance in Roberts"]; see also Casey, 39 NY3d at 1107 ["Defendants' deregulation of the apartments was based on this same 'misinterpretation of the law' involved in Regina"]).
Because the nature of the Court of Appeals' precedent's application to the present appeal is unsettled and, moreover, resolution of the appeal does not require further exposition on the law, I concur in the result only.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 14, 2023