| |
|---|
| **Bohlen v Salamon** |
| 2026 NY Slip Op 30940(U) |
| March 11, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 451025/2025 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | **HON. LYLE E. FRANK** | PART | 11M |
|---|---|---|---|
| | *Justice* | | |

-----------------------------------------------------------------------------X

CURTIS BOHLEN, AGOSTINO ROCCHI

                   Plaintiff,

          - v -

DAVID SALAMON, CLOSET MASTER NY, LLC,

                   Defendant.

-----------------------------------------------------------------------------X

| INDEX NO. | 451025/2025 |
|---|---|
| MOTION DATE | 10/31/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 135, 136, 137, 138, 139, 140, 141, 142, 143

were read on this motion to/for               AMEND CAPTION/PLEADINGS   .

Background[1]

      In June of 2024, Curtis Bohlen and Agostino Rocchi (collectively, "Plaintiffs") signed a stock purchase agreement (the "Agreement") with David Salamon ("Individual Defendant, collectively with Closet Master NY, LLC the "Defendants"). In the Agreement, Plaintiffs agreed to sell two hundred shares of Bo-Roc, Inc. to the Individual Defendant in exchange for $200,000. Plaintiffs allege that the Individual Defendant failed to make the second and third installment payments due under the Agreement, leaving an outstanding amount due of $119,166.67.

      Plaintiffs filed the complaint in July of 2024, with a claim of breach of contract against the Individual Defendant and a claim of unjust enrichment against a New York business entity, Closet Master NY, LLC. Defendants filed their answer in September 2024.

      Plaintiffs then moved for summary judgment and Defendants moved to dismiss the second cause of action in the Complaint. The motion for summary judgment was denied due to

---

[1] The Court would like to thank Special Master to the Court, Jason Lowe, Esq. for his assistance in this matter.

**451025/2025   BOHLEN, CURTIS ET AL vs. SALAMON, DAVID ET AL**
**Motion No.  002**

Page 1 of 4

1 of 4

[* 1]

there being disputed issues of fact. The motion to dismiss the second cause of action was granted.

The Individual Defendant now brings this motion seeking to amend his pleading to, among other things, add counterclaims. Plaintiffs oppose the motion.

Standard of Review

Leave to amend pleadings is to be "'freely given' absent prejudice or surprise resulting directly from the delay." *McCaskey, Davies & Associates, Inc. v. New York City Health & Hospitals Corp.*, 59 N.Y.2d 755, 757, 450 N.E.2d 240, 463 N.Y.S.2d 434 [1983]. The plaintiff seeking to amend does not need to "establish the merit of its proposed new allegations, but simply show that the proffered amendment is not palpably insufficient or clearly devoid of merit." *MBIA Ins. Corp. v. Greystone & Co., Inc.*, 74 A.D.3d 499, 500, 901 N.Y.S.2d 522 [1st Dept. 2010][internal citation omitted]. There is a presumption in favor of the validity of the moving party's claims, and the party opposing the motion must "demonstrate that the facts alleged and relied upon in the moving papers are obviously unreliable or insufficient to support the amendment." *Peach Parking Corp. v. 346 W. 40th St., LLC*, 42 A.D.3d 82, 86, 835 N.Y.S.2d 172 [1st Dept. 2007].

Discussion

With one exception, the proposed counterclaims are not "palpably insufficient or clearly devoid of merit." Initially, the second counterclaim is for breach of contract and is facially not devoid of merit.

The first counterclaim is for fraudulent inducement. Plaintiff argues that this counterclaim is duplicative of the breach of contract claim. However, there are representations

451025/2025  BOHLEN, CURTIS ET AL vs. SALAMON, DAVID ET AL
Motion No.  002

Page 2 of 4

alleged which are collateral to the agreement between the parties and therefore the cause of action may be distinct from the breach of contract cause of action. *Forty Cent. Park S., Inc. v Anza*, 130 AD3d 491 [1st Dept 2015].

The third counterclaim is for breach of implied covenant of good faith and fair dealing. All contracts contain an implied duty of good faith. *Forman v Guardian Life Ins. Co. of Am.*, 76 AD3d 886, 888 [1st Dept 2010]. As there is conduct alleged that is separate from the alleged breach of contract, this claim is not devoid of merit. Similarly, the fifth counterclaim (unjust enrichment), and sixth counterclaim (promissory estoppel) are not devoid of merit due to the fact that they address conduct which may be separate from the contract.

The fourth counterclaim is for tortious interference with business relations. Plaintiff argues that the Individual Defendant does not have standing to assert this counterclaim. As there is a legitimate dispute regarding whether Individual Defendant has standing to assert this claim, the claim is not patently devoid of merit.

The seventh counterclaim is for attorney's fees and costs. These are damages which may be recoverable under a different counterclaim, however, as Individual Defendant's counsel acknowledged at oral argument, this is not a separate cause of action. Therefore, the motion to amend with regards to the seventh counterclaim is denied.

Accordingly, it is hereby

ORDERED that Defendant David Salamon's motion to amend is granted for all allegations and causes of action other than the seventh counterclaim, and the amended answer in the proposed form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

451025/2025   BOHLEN, CURTIS ET AL vs. SALAMON, DAVID ET AL
Motion No.  002

Page 3 of 4

3 of 4

ORDERED that the plaintiff shall serve an answer to the counterclaims or otherwise respond thereto within 20 days from the date of said service.

20260311092354LFRANK3CD1C7D3B802482EA3A8DCC89CADB58C

__3/11/2026__
__DATE__

__LYLE E. FRANK, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

451025/2025   BOHLEN, CURTIS ET AL vs. SALAMON, DAVID ET AL
Motion No.  002

Page 4 of 4

4 of 4

[* 4]